THE PEOPLE OF THE STATE OF NEW YORK ex rel. A. ANDREW WEMMELL, Appellant, v. THE BOARD OF AUDITORS OF THE TOWN OF NEW LOTS, Respondent.

*Registration of births, etc. — power of the boards of health as to —* 1881, *chap.* 431 — *power of boards of supervisors as to —* 1880, *chap.* 512.

Chapter 431 of 1881, amending chapter 324 of 1850, imposed upon every board of health the duty of supervising and making complete the registration of births, deaths and marriages within the limits of its jurisdiction, and the cost of so doing, not exceeding the amount prescribed in the act, is a town charge and must be audited and allowed by the board of town auditors.

The duty thereby imposed upon the boards of health is independent of, and not merely supplementary to, the power to provide for the registration of births, marriages and deaths conferred upon boards of supervisors by chapter 512 of 1880.

Appeal from an order, made at a Special Term, denying a motion for a writ of peremptory *mandamus*.

*William J. Gaynor*, for the appellant.

*Benjamin Rausch*, for the respondent.

BARNARD, P. J.:

The legislature, in 1880, provided for the registration of births, marriages and deaths in each town and village in the State. (Chap. 512, Laws of 1880.) The act simply gave powers of legislation to effect the registration to boards of supervisors. It was not compulsory upon these boards to legislate. It gave no power of registration except upon the report, within three days of the event, of the attending clergyman, magistrate and physician. The county could give the books at the county expense, and the registration was to be made in the county clerk's office of each town and village. The county boards of supervisors were empowered " to fix the amount and provide for the payment of the registration fees." The act was silent as to manner of payment, whether by county or town assessment. By chapter 431 of the Laws of 1881, the legislature provided for the establishment of boards of health in each town in the State by an amendment of chapter 324, Laws of 1850. By one of the amended sections of the law of 1881 it is provided that " it shall be the duty of every such board of health to supervise and make complete the registration of births, deaths and marriages within the limits of its jurisdiction, and in so completing the said registration the cost thereof shall be a charge upon such town, village or city, and shall not exceed fifty cents for each completely verified and registered record of a birth, death or marriage, but the town clerks and registering clerks provided by law in villages and cities may still keep all records of births, deaths and marriages as required by chapter five hundred and twelve, Laws of eighteen hundred and eighty." Under this law the board of health of New Lots employed the relator to make complete and keep for the board of registration of births, deaths and marriages in the town. The compensation was fixed at fifty cents for each registration. Under this contract he did the service and claimed of the board of town auditors that his claim therefor should be audited according to contract, which was refused. It does not appear that the county board of supervisors have legislated on the subject. It may, perhaps, be inferred from a statement in relator's affidavit that the refusal was put upon the

ground that the town clerk was bound to keep a similar registration. I do not deem it to be material whether the supervisors have acted or not. It is manifest that the registration, allowable under the action of the supervisors, would be very imperfect. No obligation was put upon clergyman, magistrate or physician to report in three days after the event of birth, marriage or death. It was competent for the legislature to add to the efficiency of the supervisors' action by action of the State legislature. The boards of health were to supervise and make complete "the registration" within the limits of each town, and at a limited cost to the town. The words " permitting the town clerks to keep the records under the action of the supervisors " were not intended to limit the duties of the boards of health. If that were their meaning, then if the supervisors did not act there would be no registration by the board of health, because it was only a supplemental board and there was no foundation upon which to supplement; and if it did act there would be no registration by the health board because of the record kept by the town clerk. The duty seems to be imperative upon the boards of health, and it must be observed notwithstanding the permission given to town clerks to keep a record under the act of 1880. This act rather seems to me to be intended to provide a method of proving births, marriages and deaths, as the record is made presumptive evidence, and the record would be rather voluntary than compulsory and for the purpose of future evidence of the fact.

The order refusing a *mandamus* should, therefore, be reversed and a peremptory writ of *mandamus* granted to the auditors to audit the bill, with fifty dollars costs of appeal.

DYKMAN and PRATT, JJ., concurred.

Order denying writ of *mandamus* reversed and *mandamus* granted, with fifty dollars costs.